UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

JOYCE SIMMONS,

    Petitioner,

vs.

UNITED STATES,

    Respondent.

No. C 16-0747 NJV (PR)

**ORDER DISMISSING CASE**

Petitioner, a federal prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was dismissed with leave to amend and petitioner has filed an amended petition (Docket No. 15) and a supplement (Docket No. 19).[1]

**DISCUSSION**

**A.  Standard of Review**

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. *Id.* at 865.

---

[1] This case was transferred to the Central District of California after petitioner was moved to a facility there, but the case was transferred back to this district. Petitioner has also filed a new § 2241 in the Central District with the same allegations. *See* 2:16-cv-0276-MWF-AFM

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (internal quotation marks omitted). A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898 (internal quotation marks omitted).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) the court erred in determining the amount of restitution; (2) there was a sentencing error in violation of the Eighth Amendment; (3) the court erred in adding criminal history points to the sentence; and (4) she is actually innocent of the obstruction of justice enhancement.

Petitioner entered a guilty plea in the Northern District of Texas. *United States v. Simmons,* 08-cr-0131 (N.D. Texas). Her conviction and sentence were affirmed by the Fifth Circuit. *United States v. Simmons*, 420 F. App'x 414 (5th Cir. 2011). The United States Supreme Court denied review. *Simmons v. United States*, 132 S. Ct. 227 (2011). Petitioner filed a § 2255 motion in the Northern District of Texas that was denied. *Simmons v. United States*, 12-cv-0640 (N.D. Texas, Dec. 12, 2012). The Fifth Circuit denied a certificate of appealability. *Id*.

While petitioner states she is actually innocent, most of the claims in this petition do not support that argument. Petitioner presents claims regarding restitution and sentencing. These arguments do not raise a claim of actual innocence to qualify for the escape hatch of § 2241. *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (petitioner's escape

hatch argument that he should not have qualified as a career offender in sentencing is not one of actual innocence).  Moreover, petitioner has not shown that she did not have an unobstructed procedural shot at presenting these claims.   Her direct appeal to the Fifth Circuit presented these claims or variations of these claims and were denied by that court. Her fourth claim states she is actually innocent of the obstruction of justice enhancement. Yet, she presented this exact claim in her direct appeal that was denied by the Fifth Circuit. Petitioner has failed to show that she is entitled to the escape hatch for any claim in this petition and because she has already been provided leave to amend, the petition is dismissed with prejudice.

## CONCLUSION

The petition is **DISMISSED** for the reasons set forth above.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: February 29, 2016.

_____
NANDOR J. VADAS
United States Magistrate Judge